IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC M. ROBINSON, <br><br> Plaintiff, <br><br> vs. <br><br> MARK WEBER, Counsel for Discipline, Official capacity; and JOHN STEELE, Asst. Counsel For Discipline, Official capacity; <br><br> Defendants. | 8:19CV538 <br><br> **MEMORANDUM AND ORDER** |

    This matter is before the court on its own motion. On July 9, 2020, the court ordered Plaintiff Eric M. Robinson to either file a new request for leave to proceed in forma pauperis or pay the court's $400.00 filing and administrative fees within 30 days or face dismissal of this action.[1] To date, Robinson has not paid the fees, submitted a request for leave to proceed in forma pauperis, or taken any other relevant action in this matter.

    Moreover, the court determines that Robinson's Complaint (filing 1) is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2), which requires the court to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[1] At the time Robinson initiated this action, he was confined at the Lancaster County Department of Corrections. (Filing 1 at CM/ECF p. 2.) Robinson was later released on April 2, 2020. (Filing 15.) After some delay and confusion resulting from issues with delivery of Robinson's mail, Robinson updated his address in this case on July 1, 2020. (Filing 20.)

Here, Robinson filed an almost 200-page Complaint (filing 1) and over 100 pages of additional supplemental materials (filings 8, 9, 11, 12, & 13) seeking relief pursuant to 42 U.S.C. § 1983. Robinson's Complaint and supplements are rambling and disjointed and do not comply with Federal Rule of Civil Procedure 8, which states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Notwithstanding this pleading deficiency, the court understands Robinson's primary complaint to be that Defendants Mark Weber ("Weber") and John Steele ("Steele") of the Nebraska Counsel for Discipline have failed to investigate Robinson's complaints about his former attorney Bill Chapin's "[CR14-]9536/Farmers Mutual conflict of interest and unethical misconduct from 2014 through 2016" that Robinson alleges has had ripple effects in all of his subsequent criminal proceedings resulting in violations of his constitutional rights. (Filing 1 at CM/ECF pp. 4–5.) As relief, Robinson asks the court to compel Defendants to "investigate Bill Chapin for his simultaneous and intentional unethical misrepresentation of CR14-9536 and its appeals . . . while Bill Chapin at the same time, intentionally misrepresented me for my civil matter, that is, the Farmers Mutual homeowners insurance theft claim." (*Id.* at CM/ECF pp. 175–76.) The court cannot grant Robinson the relief he seeks.

Robinson has sued Weber and Steele in their official capacities seeking injunctive relief. The Eleventh Amendment bars private parties from suing a state in federal court, and such immunity also "extends to actions against state officials sued in their official capacities." *Thomas v. Gunter*, 32 F.3d 1258, 1261 (8th Cir. 1994); *see also Glasgow v. Neb. Dep't of Corr.*, 819 F.3d 436, 441 n.5 (8th Cir. 2016) (Eleventh Amendment prohibits suits for damages against state officials in their official capacities). An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. This exception does not apply to cases involving requests for purely retroactive relief. *Green v. Mansour*, 474 U.S. 64 (1985); *see also Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining

whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (internal quotation and citation omitted)).

Here, Robinson clearly does not seek to compel Defendants to investigate his complaints regarding Bill Chapin to remedy any ongoing federal law violations. Rather, Robinson wants Defendants to investigate Chapin's past conduct between 2014 and 2016 which he alleges impacted his later criminal proceedings. Thus, Robinson's relief only can be properly characterized as retroactive. Even if the court liberally construes Robinson's Complaint as asserting ongoing deprivations of his rights as a result of Defendants' refusal to investigate Chapin's past misconduct, Robinson's "claim still fails with regard to these allegations because he lacks a cognizable legal interest in the disciplinary proceedings." *See McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x 121, 123 (2d Cir. 2010); *see also Mattice v. Meyer*, 353 F.2d 316 (8th Cir. 1965) (a private person or a lawyer has no standing to participate in a disciplinary proceeding).

In addition, Robinson's Complaint fails to state a claim for relief under 42 U.S.C. § 1983 against Defendants. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Robinson does not have a constitutional right to have Defendants investigate his attorney ethics complaint. *Esposito v. New York*, No. 04 CIV.6368 SAS, 2008 WL 3523910, at *10 (S.D.N.Y. Aug. 8, 2008), *aff'd sub nom. McKeown*, *supra* ("[T]here is no constitutional violation where the government refuses to investigate a crime, allegations of patent fraud, or an attorney ethics grievance."); *see also Benson v. Piper*, No. 17-CV-266 (DWF/TNL), 2019 WL 2017319, at *28 (D. Minn. Jan. 25, 2019), *report and recommendation adopted*,

3

No. CV 17-266 (DWF/TNL), 2019 WL 1307883 (D. Minn. Mar. 22, 2019) ("Plaintiff does not have a constitutional right to an investigation of his complaints." (citing cases)). Because Robinson has failed to allege a violation of his constitutional rights by Defendants, the court will dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because Plaintiff failed to prosecute it diligently and failed to comply with this court's orders and because the Complaint fails to state a claim upon which relief may be granted. This dismissal will count as one "strike" for purposes of 28 U.S.C. § 1915(g).

2. The court will enter judgment by a separate document.

Dated this 4th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge